HELENE N. WHITE, Circuit Judge,
concurring.
I concur, but write separately to clarify some points.
Because the district court correctly determined that Jones made a prima facie case of duress, I would not open the door to relitigation of that issue on remand. Additionally, although I agree that evidence of Wright’s gun-carrying practices was not directly relevant to the duress defense because Jones was fearful of Wright’s threat to set a fire, not his threat to use the gun, on remand the court should consider whether the credibility contest between Wright and Jones is such that the collateral nature of the issue does not substantially outweigh the value of witness testimony that Wright carries a gun even when not at work, notwithstanding his testimony to the contrary. In all other respects, I concur in section II of the majority opinion.
Regarding section III of the majority opinion, I think it important to note because Wright is a witness and not a defendant, Federal Rule of Evidence 609(a)(1)(A) makes certain criminal convictions presumptively admissible, subject only to Rule 403:
(1) for a crime that ... was punishable by death or by imprisonment for more than one year, the evidence:
(A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant^]
Fed.R.Evid. 609(a)(1)(A). Rule 403 favors admissibility:
The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.
Fed.R.Evid. 403 (emphasis added). In contrast, Rule 609(a)(1)(B) sets forth a different rule when the witness is the defendant in a criminal trial:
(1) for a crime that ... was punishable by death or by imprisonment for more than one year, the evidence: ...
(B) must be admitted in a criminal case in which the witness is a defendant, *474 if the probative value of the evidence outweighs its prejudicial effect to that defendant[.]
Fed.R.Evid. 609(a)(1)(B).
Lastly, to the extent that the ten-year period of Rule 609(b) is triggered by the passage of time since the first trial, thus triggering a different standard of admissibility,[1] it is appropriate that the district court consider that Wright’s credibility is a crucial issue in the case.

. Rule 609(b) states:
(b) Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness’s conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
(1) its probative value, supported by specific facts and circumstances substantially outweighs its prejudicial effectf.]
Fed.R.Evid. 609(b)(1).